[Civ. No. 2593. First Appellate District, Division One.—December 31, 1918.]

RANSOME-CRUMMEY COMPANY (a Corporation), Respondent, v. A. W. CORNELIUS, as Executor, etc., Appellant.

STREET IMPROVEMENTS — OAKLAND CHARTER — STATUTORY PROCEDURE— REFERENCE TO PARTICULAR STATUTE.—Under section 51 of the charter of the city of Oakland, authorizing the council to proceed, in the matter of street improvements, under the provisions of the general laws of the state in force at the time of the improvement, it is not necessary that the council should pass a resolution expressly providing that it is proceeding under any certain statute.

ID.—FORECLOSURE OF ASSESSMENT LIEN — AGREEMENT BETWEEN CONTRACTOR AND STREET SUPERINTENDENT.—In an action to foreclose the lien of an assessment for a street improvement, the validity of the lien is not impaired by an oral agreement between an officer of the contractor and the street superintendent to which the city council was not a party, and of which it did not know, and upon which it did not act.

APPEAL from a judgment of the Superior Court of Alameda County. Milton T. Farmer, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Louis Gonsalves for Appellant.

Snook & Church for Respondent.

STURTEVANT, J., *pro tem.*—The plaintiff brought this action to foreclose a street assessment lien. It had judgment as prayed in the trial court, and the defendant appealed, bringing up the evidence in a bill of exceptions, which is certified as being "full, complete and correct."

The appellant makes two attacks: (1) That it appears nowhere in the record of the city council that the council determined or expressed its judgment that the costs and expenses of the improvements set out in the resolution of intention should be paid by special assessments on private property; (2) that the improvements were not made as purported under chapter 397 of the Statutes of 1911, but were made pursuant to an oral agreement between the plaintiff and the superintendent of streets and the commissioner of streets.

The first point assumes that the law required that the city council should pass a resolution expressly providing that the council was proceeding under any certain statute; but our attention has not been called to any statute to that effect. Section 51 of the charter of Oakland authorized the council to proceed under the provisions of "the general laws of the state of California in force at the time of the improvement." It proceeded in 1915 to act under chapter 397 of the Statutes of 1911, [p. 730]. It omitted nothing the law required it to do in this behalf.

The second point is not well founded. It appears from the record that one of the officers of the Ransome-Crummey Company did have a certain oral understanding with the superintendent of streets. It does not appear, however, that the city council was a party to the oral agreement. If the city council did make the oral agreement with the plaintiff, then the defendant's contention might have been sustained. (*Bolton* v. *Gilleran*, 105 Cal. 244, [45 Am. St. Rep. 33, 38

Pac. 881]; *Chase* v. *Trout,* 146 Cal. 350, 362, [80 Pac. 81].) But the defendant did not show that the city council knew of the oral agreement, or acted on it, or authorized it. However, the taxing power rested in the council and not in the superintendent of streets, nor in the commissioner of streets. No fraud was imposed on the council and no fraud was either pleaded or proved.

It follows that the judgment should be affirmed, and it is so ordered.

Lennon, P. J., concurred.